RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA
2005 NOV 17 PM 5:56
NANCY M.
MAYER-WHITTINGTON
CLERK

FILED
NOV 17 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATURAL RESOURCES DEFENSE COUNCIL,
257 Park Avenue South
New York, N.Y. 10010

and

BAY AREA PHYSICIANS FOR SOCIAL RESPONSIBILITY,
2288 Fulton St., #307
Berkeley, CA 94704,

Plaintiffs,

v.

STEPHEN L. JOHNSON, Administrator
UNITED STATES ENVIROMENTAL PROTECTION AGENCY,
Ariel Rios Building
1200 Pennsylvania Avenue, N.W.
Washington, DC 20460

Defendant.

CASE NUMBER 1:05CV02243

JUDGE: Henry H. Kennedy

DECK TYPE: General Civil

DATE STAMP: 11/17/2005

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. This is an action to compel the Administrator of the United States Environmental Protection Agency ("the Administrator" or "EPA") to perform nondiscretionary duties under the Safe Drinking Water Act to promulgate rules for removing harmful microbial pathogens and cancer-causing disinfectants and disinfection by-products from public drinking water systems. The Administrator is required, but has failed, to promulgate each of the following rules within the timeframe mandated by Congress: 1) a Final Enhanced Surface Water Treatment Rule; 2) a Stage II Disinfectants and Disinfection Byproducts Rule; and 3) national primary drinking water

rules requiring disinfection as a treatment technique for all public water systems. 42 U.S.C. §§ 300g-1(b)(2)(C) and 300g-1(b)(8).

**BACKGROUND AND FACTS**

2. The Safe Drinking Water Act ("SDWA") requires the Administrator of the EPA to adopt rules for reducing a variety of waterborne pathogens in public drinking water that present serious public health risks. *Giardia* and *Cryptosporidium*, for example, can enter public water systems from rivers and lakes. Contaminated drinking water caused an outbreak of cryptosporidiosis in Milwaukee in 1993, killing more than 100 people and causing 400,000 others to become ill. Cryptosporidiosis can remain contagious for months while causing serious gastrointestinal illness in its victims. Persons with weakened immune systems, young children, women and elderly persons are particularly susceptible to illness caused by the waterborne pathogens that the SDWA aimed to address. 67 Fed. Reg. 1811 at 1814 (Jan. 14, 2002).

3. The Safe Drinking Water Act requires the Administrator to promulgate rules setting more stringent treatment requirements for microbial pathogens in public drinking water systems. By EPA's estimate, the long-term rule for treating surface water in all system sizes is expected to reduce up to 1.2 million illnesses and up to 141 deaths annually after full implementation. See 68 Fed. Reg. 49640, 47742 (August 11, 2003). However, the Administrator has failed to promulgate a final long-term drinking water treatment rule for all systems.

4. In addition, conventional methods for purifying drinking water react with naturally-occurring organic and inorganic matter to create unintended harmful byproducts. Among other things, these disinfection byproducts are known to cause cancer as well as adverse reproductive and developmental effects in humans and animals. Accordingly, the Act also requires the Administrator to promulgate rules for reduction of disinfectants and disinfection

byproducts in all public drinking water systems. EPA adopted the first stage of these rules, which mandates treatment of a subset of disinfectants and disinfection byproducts in some water systems. 63 Fed. Reg. 69390 (Dec. 16, 1998). However, EPA has failed to promulgate two other rules required by the SDWA for treating disinfectants and disinfection byproducts. *See* 42 U.S.C. §§ 300g-1(b)(2)(C) and 300g-1(b)(8).

5. The Act requires the Administrator to adopt each of the above-described rules in accordance with a specified schedule, but he has failed to do so. Plaintiffs bring this Complaint to ensure that provisions of the SDWA designed to protect their members' health and welfare are effectively and expeditiously implemented.

**JURISDICTION AND VENUE**

6. This action arises under the Safe Drinking Water Act, 42 U.S.C. § 300f *et seq*. This Court has jurisdiction over this action pursuant to the SDWA citizen suit provision, 42 U.S.C. § 300j-8(a)(2) (conferring jurisdiction in the United States district courts for a civil action against the Administrator of the United States Environmental Protection Agency for failure to perform any act or duty under the Act that is not discretionary with the Administrator). Jurisdiction is also proper under 28 U.S.C. §§ 1331 (federal question) and 1361 (action to compel an officer of the United States to perform his duty). Plaintiffs have a right to bring this action under 42 U.S.C. § 300j-8(a) (authorizing citizen suits to enforce the Administrator's duties under the SDWA).

7. Pursuant to 42 U.S.C. § 300j-8(b)(2), Plaintiffs served timely notice upon the Administrator prior to sixty days before the date of filing of this action. Notice was provided by certified letter, posted on January 31, 2005. Notwithstanding such notice, the EPA acts and omissions complained of herein are continuing.

8. Venue is proper under 28 U.S.C. § 1391 because Defendant's official residence is in the District of Columbia.

**PARTIES**

9. Plaintiff Natural Resources Defense Council ("NRDC") is a nonprofit corporation organized and existing under the laws of the State of New York, with offices in New York, Washington, D.C., San Francisco and Los Angeles. NRDC has members in all fifty states and the District of Columbia. NRDC's mission is to safeguard people and the environment by restoring the integrity of the Earth's natural systems. NRDC has actively worked to restore and protect healthy drinking water by, among other things, working to enforce the protections mandated by the Safe Drinking Water Act. NRDC and its members have a longstanding interest in reducing harmful pathogens and disinfection byproducts in public drinking water systems, and NRDC's members would benefit from the expeditious promulgation of rules for making public drinking water safe for human consumption. NRDC is bringing this action on behalf of itself and its members, staff and officers.

10. Bay Area Physicians for Social Responsibility ("Bay Area PSR") is a nonprofit educational organization incorporated under the laws of the State of California with its main office in Berkeley, CA and student chapters at Stanford University, UC Davis and UC San Francisco. Bay Area PSR has members throughout the San Francisco Bay Area. Chief among Bay Area PSR's activities is advocating for reduction of pollution in all forms, for the benefit of its members and the public. Members and supporters of Bay Area PSR would benefit from the expeditious promulgation of rules for the treatment of drinking water and reduction of harmful disinfection byproducts in drinking water, as mandated by Congress in the SDWA. Bay Area PSR is bringing this action on behalf of itself and its members, staff and officers.

11. Plaintiffs' members live, work, recreate, and travel widely in all of the States throughout the year. They drink and use water from public drinking water systems throughout the Nation. Unhealthy levels of pathogens and disinfection byproducts in drinking water impair and/or threaten the health and welfare of Plaintiffs' members in every State.

12. Defendant Stephen L. Johnson is Administrator of the United States Environmental Protection Agency ("EPA"), and is charged in that role with taking various actions to implement and enforce the Safe Drinking Water Act, including the actions sought herein. Defendant is sued in his official capacity, and he officially resides in Washington, DC.

## GENERAL ALLEGATIONS

### I. The Administrator's Duties Under the Safe Drinking Water Act

13. The SDWA requires the Administrator to promulgate a series of rules for the treatment of harmful pathogens in drinking water ("Enhanced Surface Water Treatment Rules" or "ESWTR"). The Act also requires the Administrator to promulgate rules for reduction of harmful disinfectants and disinfection byproducts ("Disinfectants and Disinfection Byproducts Rules" or "D/DBP" Rules).

14. Under the Act, the Administrator is required to "promulgate an Interim Enhanced Surface Water Treatment Rule, a Final Enhanced Surface Water Treatment Rule[1], a Stage I Disinfectants and Disinfection Byproducts Rule, and a Stage II Disinfectants and Disinfection Byproducts Rule[2] in accordance with the schedule published in volume 59, Federal Register, [6332 at] page 6361-6362 (February 10, 1994), in table III.13 of the proposed "Information Collection Rule." 42 U.S.C. § 300g-1(b)(2)(C).

---

[1] While the Act refers to a "Final Enhanced Surface Water Treatment Rule," EPA regulations generally use the terms "Long Term Enhanced Surface Water Treatment Rule." We adopt the latter format in this Complaint.

[2] While the Act refers to "Stage I" and "Stage II" rules, EPA regulations generally use the terms "Stage 1" and "Stage 2." We adopt the latter format in this Complaint.

15. The above-referenced table sets the following deadlines for promulgation of the rules:

| | |
|---|---|
| Interim ESWTR | December 1996 |
| Stage 1 D/DBP Rule | December 1996 |
| Long Term ESWTR | December 1998 |
| Stage 2 D/DBP | June 2000 |

59 Fed. Reg. at 6361. Under this schedule, the Long-Term ESWTR is to be "effective for all system sizes" no later than June 2000. *Id.*

16. The Act specifies further that "[i]f a delay occurs with respect to the promulgation of any rule in the schedule referred to in this subparagraph, all subsequent rules shall be completed as expeditiously as practicable but no later than a revised date that reflects the interval or intervals for the rules in the schedule." 42 U.S.C. § 300G-1(b)(2)(C).

17. The schedule above prescribes the following intervals between rules:

| | | | |
|---|---|---|---|
| Interim ESWTR and Stage 1 D/DBP | → | Long Term ESWTR | 24 months |
| Interim ESWTR and Stage 1 D/DBP | → | Stage 2 D/DBP | 42 months |
| Long Term ESWTR | → | Stage 2 D/DBP | 18 months |

59 Fed. Reg. at 6361.

18. With respect to each rule, EPA not only missed the original deadline, but also missed the revised deadline after the agency's initial delay.

19. EPA promulgated the Interim ESWTR on December 16, 1998, two years after the initial deadline. 63 Fed. Reg. 69478 (Dec. 16, 1998). EPA then promulgated the Stage 1 D/DBP rule on December 18, 1998, also two years late. 63 Fed. Reg. 69390 (Dec. 18, 1998). Plaintiffs' Complaint does not raise an objection to these actions.

20. EPA adopted a "Long Term 1 ESWTR," governing treatment for pathogens in only those systems serving 10,000 or fewer people on January 14, 2002. 67 Fed. Reg. 1811 (Jan. 14, 2002). In the preamble to the Proposed "Long Term 1 ESWTR," EPA stated that

"Promulgation of the ["Long Term 2"] ESWTR is currently scheduled for May, 2002." 65 Fed. Reg. 19045, 19096 (April 10, 2000). Plaintiffs' Complaint does not raise an objection to EPA's action in promulgating the Long Term 1 ESWTR rule.

## II. The Administrator's Failure to Promulgate the Final Long Term ESWTR Rule Within the Timeframe Mandated by Congress

21. Congress ordered the Administrator to complete the Long Term ESWTR no later than December 1998. 42 U.S.C. § 300g-1(b)(2)(C) and 59 Fed. Reg. at 6362. EPA's two-year delay in promulgating the Interim ESWTR triggered a nondiscretionary duty of the Administrator to complete the subsequent Long Term ESWTR for all system sizes "as expeditiously as practicable but no later than" December 2000, in keeping with the scheduled twenty-four month interval between the Interim and Long-Term ESWTR rules. 59 Fed. Reg. at 6362.

22. EPA proposed a "Long Term 2 ESWTR" applicable to all system sizes on August 11, 2003. *See* 68 Fed. Reg. 49640. However, to date – over six years past the original scheduled deadline and over four years past the revised deadline after EPA's initial delay – EPA has failed to adopt a Long Term Enhanced Surface Water Treatment Rule governing treatment in all system sizes as Congress mandated in 42 U.S.C. § 300g-1(b)(2)(C).

## III. The Administrator's Failure to Promulgate the Stage 2 D/DBP Rule Within the Timeframe Mandated by Congress

23. Congress ordered the Administrator to complete the Stage 2 D/DBP rule no later than June 2000. 42 U.S.C. § 300g-1(b)(2)(C) and 59 Fed. Reg. at 6362. EPA's two-year delay in promulgating the Stage 1 D/DBP rule triggered a nondiscretionary duty of the Administrator to complete the subsequent Stage 2 D/DBP rule "as expeditiously as practicable but no later than" June 2002, in keeping with the forty-two month scheduled interval between the Stage 1 and Stage 2 D/DBP rules. 59 Fed. Reg. at 6362.

24. Alternatively, EPA's promulgation of the "Long Term 1 ESWTR" triggered a revised deadline for the Stage 2 D/DBP rule of July 2003, in keeping with the scheduled eighteen-month interval between the Long Term ESWTR and the Stage 2 D/DBP rule. 59 Fed. Reg. at 6362.

25. Under either of the foregoing readings, EPA has failed to promulgate the Stage 2 D/DBP rule within the prescribed timeframe, and this failure is ongoing.

26. EPA proposed a Stage 2 D/DBP rule on August 18, 2003. *See* 68 Fed. Reg. 49548 (Aug. 18, 2003). However, to date – nearly five years after the original deadline and nearly three years past the revised deadline after EPA's initial delay – the agency has failed to promulgate the Stage 2 D/DBP rule.

## IV. The Administrator's Failure to Promulgate National Primary Drinking Water Regulations for All Systems, Including Ground Water Systems if Necessary

27. The Act also requires the Administrator, no later than the date on which the Stage 2 D/DBP rule is promulgated, to promulgate "national primary drinking water regulations requiring disinfection as a treatment technique for all public water systems," along with criteria for determining whether disinfection should be required as a treatment techniques for any public drinking water system that is supplied by a ground water source. 42 U.S.C. § 300g-1(b)(8).

28. The deadline for promulgating the Stage 2 D/DBP has passed, however, to date EPA has failed to promulgate national primary drinking water regulations for all systems, as Congress mandated in 42 U.S.C. § 300g-1(b)(8).

29. By letter dated January 31, 2005, Plaintiffs placed the Administrator on notice of their intention to commence a civil action against him for failing to perform nondiscretionary duties. Notwithstanding such notice, the EPA acts and omissions complained of herein are continuing.

**PLAINTIFFS' CLAIMS**

30. Plaintiffs incorporate the allegations asserted in paragraphs 1 through 29 as fully as if stated in their entirety herein.

**COUNT 1**

31. The Administrator has failed to promulgate a Final (Long Term 2) Enhanced Surface Water Treatment Rule within the timeframe prescribed by Congress under 42 U.S.C. §§ 300g-1(b)(2)(C). This omission constitutes a failure of the Administrator to perform an act or duty that is not discretionary with the Administrator within the meaning of 42 U.S.C. § 300j-8(a)(2). Plaintiffs are informed and believe that the EPA acts and omissions complained of herein will continue unless enjoined by order of this Court.

**COUNT 2**

32. The Administrator has failed to promulgate a Stage II (Stage 2) Disinfectants and Disinfection Byproducts Rule within the timeframe prescribed by Congress under 42 U.S.C. §§ 300g-1(b)(2)(C). This omission constitutes a failure of the Administrator to perform an act or duty that is not discretionary with the Administrator within the meaning of 42 U.S.C. § 300j-8(a)(2). Plaintiffs are informed and believe that the EPA acts and omissions complained of herein will continue unless enjoined by order of this Court.

**COUNT 3**

33. The Administrator has failed to promulgate national primary drinking water rules requiring disinfection as a treatment technique for all public water systems, including ground water systems where necessary, within the timeframe prescribed by Congress under 42 U.S.C. § 300g-1(b)(8). This omission constitutes a failure of the Administrator to perform an act or duty that is not discretionary with the Administrator within the meaning of 42 U.S.C. § 300j-8(a)(2).

Plaintiffs are informed and believe that the EPA acts and omissions complained of herein will continue unless enjoined by order of this Court.

**REQUESTS FOR RELIEF**

34. Plaintiffs incorporate the allegations asserted in paragraphs 1 through 33 as fully as if stated in their entirety herein.

35. WHEREFORE, Plaintiffs pray that this Court:

a) Declare that the EPA acts and omissions complained of herein constitute failure to perform a discretionary act or duty (or acts or duties) within the meaning of the Safe Drinking Water Act, 42 U.S.C. § 300j-8(a)(2);

b) Preliminarily and permanently enjoin the Administrator from continuing his failure to perform nondiscretionary duties;

c) Order the Administrator to complete all actions required by Safe Drinking Water Act sections 42 U.S.C. §§ 300g-1(b)(2)(C) and 300g-1(b)(8), within 90 days of the date of the Court's order;

d) Award Plaintiffs their reasonable costs of litigation, including attorneys' fees, under 42 U.S.C. § 300j-8(d), 28 U.S.C. § 2412(d) or both;

e) Retain jurisdiction over this action to ensure compliance with the Court's orders; and

f) Grant such other relief as the Court deems just and proper.

DATED this 17th day of November, 2005.

Respectfully submitted,

Jennifer C. Chavez
(D.C. Bar # 493421)
David S. Baron
(D.C. Bar # 464222)
Earthjustice
1625 Massachusetts Av. NW, Suite 702
Washington, DC 20036
Ph.: 202-667-4500
Fax: 202-667-2356
jchavez@earthjustice.org
dbaron@Earthjustice.org

Counsel for Plaintiffs NRDC and
San Francisco Bay Area PSR