RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA
2005 NOV 17 PM 5:59

**FILED**
NOV 1 7 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL and BAY AREA PHYSICIANS FOR SOCIAL RESPONSIBILITY, | ) ) ) ) |
| Plaintiffs | ) ) ) |
| v. | ) ) ) |
| STEPHEN L. JOHNSON, Administrator of the United States Environmental Protection Agency, and THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | ) ) ) ) ) ) |
| Defendants. | ) ) ) |

CASE NUMBER   1:05CV02243

JUDGE: Henry H. Kennedy

DECK TYPE: General Civil

DATE STAMP: 11/17/2005

**JOINT MOTION TO HOLD THIS CASE IN ABEYANCE
PENDING IMPLEMENTATION OF THE SETTLEMENT AGREEMENT**

Plaintiffs Natural Resources Defense Council ("NRDC") and Bay Area Physicians for

Social Responsibility ("Bay Area PSR") and Defendant United States Environmental Protection

Agency ("EPA") (collectively, "the Parties,") hereby request that the Court enter an order

holding litigation of Counts 1 and 3 in this case in abeyance during the period required to

effectuate the terms of a Settlement Agreement negotiated by the Parties.  The Parties state the

following grounds in support of this Motion:

1)    Plaintiffs filed the above-captioned Complaint against the Defendants for EPA's alleged

         failure to perform mandatory duties to promulgate three national Drinking Water

         Regulations under 42 U.S.C. §§ 300g-1(b)(2)(C) and 300g-1(b)(8):

         a.      Count 1 of the Plaintiffs' Complaint alleges that EPA has failed pursuant to 42

                 U.S.C. § 300g-1(b)(2)(C) to perform a nondiscretionary duty to promulgate a

                 Long Term 2 Enhanced Surface Water Treatment Rule;

    b.      Count 2 of the Plaintiffs' Complaint alleges that EPA has failed pursuant to 42 U.S.C. § 300g-1(b)(2)(C) to perform a nondiscretionary duty to promulgate a Stage 2 Disinfectants and Disinfection Byproducts Rule;

    c.      Count 3 of the Plaintiffs' Complaint alleges that EPA has failed pursuant to 42 U.S.C. § 300g-1(b)(8) to perform a nondiscretionary duty to promulgate a Ground Water Rule;

2)    Counsel for the Parties have negotiated a Consent Decree addressing Count 2 of the Plaintiffs' Complaint, and have filed a motion with the Court requesting that the Consent Decree be entered in final resolution of Count 2.

3)    Counsel for the Parties have negotiated a Settlement Agreement addressing Counts 1 and 3 of the Plaintiffs' Complaint.

4)    Among other things, the Settlement Agreement provides that if, within specified time frames over the next eleven months, EPA publishes in the Federal Register Notices of Final Rulemaking promulgating the Final Long Term 2 Enhanced Surface Water Treatment Rule and the Ground Water Rule, the Plaintiffs will file a motion to dismiss the claims in Counts 1 and 3 of this case. If EPA fails to act as specified in the Agreement, the Plaintiffs would have the right to ask the Court to lift the stay of litigation with respect to Counts 1 and 3, and to state that EPA does not object to such relief.

5)    Granting this motion will serve judicial economy and public interest. Implementation of the Settlement Agreement would resolve Counts 1 and 3 without the need for any further briefing or adjudication by the Court.

Accordingly, the Parties request that the Court hold Counts 1 and 3 of the Plaintiffs' Complaint in abeyance, pending implementation of the Settlement Agreement.

Respectfully submitted this 17th day of November, 2005.


Jennifer C. Chavez
David S. Baron
Earthjustice Legal Defense Fund
1625 Massachusetts Ave., NW, # 702
Washington, DC 20036
(p) (202) 667-4500
(f) (202) 667-2356
jchavez@earthjustice.org
dbaron@earthjustice.org

*Counsel for NRDC and
Bay Area PSR*

Eric G. Hostetler
Environmental Defense Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 23986
Washington, DC 20026-3986
(p) (202) 305-2326
eric.hostetler@usdoj.gov

*Counsel for EPA*

## SETTLEMENT AGREEMENT

WHEREAS on November 17, 2005, Natural Resources Defense Council and Bay Area Physicians For Social Responsibility ("Plaintiffs") filed a complaint in the United States District Court for the District of Columbia against Stephen L. Johnson, the Administrator of the United States Environmental Protection Agency, and United States Environmental Protection Agency (collectively "EPA" or "Defendants"), for EPA's alleged failure to perform mandatory duties to promulgate three national Drinking Water Regulations under 42 U.S.C. §§ 300g-1(b)(2)(C) and 300g-1(b)(8);

WHEREAS, Plaintiffs allege in Count 1 of their Complaint that EPA has failed pursuant to 42 U.S.C. § 300g-1(b)(2)(C) to perform a nondiscretionary duty to promulgate a Long Term 2 Enhanced Surface Water Treatment Rule;

WHEREAS, Plaintiffs allege in Count 2 of their Complaint that EPA has failed pursuant to 42 U.S.C. § 300g-1(b)(2)(C) to perform a nondiscretionary duty to promulgate a Stage 2 Disinfectants and Disinfection Byproducts Rule;

WHEREAS, Plaintiffs allege in Count 3 of their Complaint that EPA has failed pursuant to 42 U.S.C. § 300g-1(b)(8) to perform a nondiscretionary duty to promulgate a Ground Water Rule;

WHEREAS, the parties have entered into a Consent Decree in the case of *Natural Resources Defense Council, et al. v. EPA,* (Case No. _____) setting forth certain EPA commitments under the Safe Drinking Water Act, 42 U.S.C. §§ 300g-1(b)(2)(C);

WHEREAS, in consideration of the actions that EPA has agreed to under the Consent Decree, the parties intend that the Consent Decree will constitute a complete and final settlement of Count 2 of Plaintiffs' Complaint;

WHEREAS, the parties intend for this Settlement Agreement to set forth terms for certain matters that are not addressed in the Consent Decree; and

WHEREAS, Plaintiffs and EPA have agreed to a settlement of this action without any admission of fact or law, which they consider to be a just, fair and equitable resolution of the claims raised to this action.

NOW, THEREFORE, the parties agree to this settlement in the manner, terms and conditions as follows:

## GENERAL TERMS

1. The parties to the Settlement Agreement are Plaintiffs and EPA. The parties understand that Stephen L. Johnson was sued in his official capacity as Administrator of the United States Environmental Protection Agency and this settlement applies to, is binding upon, and inures to the benefit of the parties, their officers, employees, successors and assigns.

2. For purposes of this Settlement Agreement, the following terms shall have the meanings provided below.

A. "Consent Decree" shall mean the document entered into by the parties on November 17, 2005 in the case of *Natural Resources Defense Council, et al. v. EPA*, Case No. _____;

B. "EPA" shall mean Stephen L. Johnson, the Administrator of EPA, or the Administrator's duly authorized representative, and the United States Environmental Protection Agency;

C. "Ground Water Rule" shall mean the rule described in 42 U.S.C. § 300g-1(b)(8);

D. "LT2" or "Long Term 2 Enhanced Surface Water Treatment Rule" shall mean "National Primary Drinking Water Regulations that require the use of treatment techniques, along with monitoring, reporting, and public notification requirements, for all public water systems (PWSs) that use surface water sources," as described in 68 Fed. Reg. 47369 (August 11, 2003);

E. "Plaintiffs" shall mean the Natural Resources Defense Council and the Bay

2

Area Physicians for Social Responsibility;

F. "Plaintiffs' Complaint" shall mean the Complaint filed in the *Natural Resources Defense Council, et al. v. EPA,* filed by Plaintiffs on November 17, 2005; and

G. "Settlement Agreement" shall mean this document.

## TERMS OF AGREEMENT

3.    Within twenty (20) days of the Effective Date of this Settlement Agreement as provided below in paragraph 7, Plaintiffs shall file with the Court in the case of *NRDC, et al. v. EPA,* a motion requesting that the Court enter an order holding litigation of counts 1 and 3 in that case in abeyance during the period required to effectuate the terms of this Agreement and resolve any requests for costs of litigation, including attorneys fees, pursuant to paragraph 16 of this Agreement.

4.    The Plaintiffs shall have the right to request that the Court lift the stay of litigation referred to in paragraph 3 and set an expedited schedule for briefing and argument on the relevant claim or claims, if and only if any one of the following events occur:

a.    If the EPA Administrator fails to sign for publication in the Federal Register, no later than December 15, 2005, a notice of final rulemaking promulgating the Long Term 2 Enhanced Surface Water Treatment Rule;

b.    If EPA fails to deliver a Notice of Final Rulemaking promulgating the Long Term 2 Enhanced Surface Water Treatment Rule to the Federal Register for prompt publication no later than ten business days following signature of EPA's notice of final rulemaking of the Stage 2 Disinfectants and Disinfection Byproducts rule cited at 42 U.S.C. § 300g-1(b)(2)(C);

c.    If the EPA Administrator fails to sign for publication in the Federal

3

Register, no later than August 11, 2006, a notice of final rulemaking promulgating the Ground Water Rule; this August 11, 2006 deadline shall not apply, however, if by July 11, 2006, EPA notifies Plaintiffs in writing that it is unable to meet the deadline, in which case the deadline shall be October 11, 2006;

        d.     If EPA fails to deliver a Notice of Final Rulemaking promulgating the Ground Water Rule to the Federal Register for prompt publication no later than ten business days following signature of the Ground Water Rule;

        e.     If EPA fails to make available to Plaintiffs, within five business following signature by the Administrator of the rules referred to in Paragraphs 4.a. and 4.c., copies of the notices of final rulemaking referred to in Paragraphs 4.b. and 4.d. of this Agreement

        f.     If EPA takes any step (other than necessary to correct any typographical or other errors in form) to delay or otherwise interfere with publication in the Federal Register of the notices of final rulemaking referred to in Paragraphs 4.b. and 4.d. of this Agreement.

    5.     If any of the events specified in paragraph 4.a. through e. occurs, EPA shall not object (and hereby authorizes Plaintiffs to represent to the Court that EPA does not object) to any request by the Plaintiffs to lift the stay of litigation pursuant to paragraph 4.

    6.     Within twenty (20) days after the later of (1) publication in the Federal Register of the Notice of Final Rulemaking promulgating the Final Long Term 2 Enhanced Surface Water Treatment Rule; or (2) publication in the Federal Register of the Notice of Final Rulemaking promulgating the Ground Water Rule, Plaintiffs shall file with the Court in the case of *NRDC, et al. v. EPA,* a motion pursuant to Fed. R. Civ. P. 41(a)(1), dismissing with prejudice the claims in Counts 1 and 3 of that case.

## EFFECTIVE DATE

7.    This Settlement Agreement shall become effective upon the entry of the Consent

Decree by the Court in the case *NRDC, et al. v. EPA* (the "Effective Date").

## STAY OF LITIGATION

8.    EPA agrees that any motion to dismiss pursuant to paragraph 6 will be without

prejudice to Plaintiffs' right to move for costs of litigation (including reasonable attorneys' fees),

as further provided in paragraph 16.

9.    Nothing in this Settlement Agreement shall be construed to confer upon this Court

jurisdiction to review any issues that are within the exclusive jurisdiction of the United States

Court of Appeals under section 1448(a) of the Safe Drinking Water Act, 42 U.S.C. § 300j-7(a),

or (b) to waive any remedies that plaintiffs may have under section 1448(a), 42 U.S.C. § 300j-

7(a). Nothing in this Settlement Agreement alters or affects the standards for judicial review of

final EPA action.

10.    Notwithstanding dismissal pursuant to paragraph 6, if (1) Plaintiffs seek judicial

review in the court of appeals of any action taken by EPA pursuant to this Settlement Agreement,

and (2) the court of appeals rules that such challenge is not within the jurisdiction of the court of

appeals, any dismissal of the instant action shall not preclude Plaintiffs from bringing a district

court action challenging any such action taken by EPA pursuant to this Consent Decree. Should

any final action taken by EPA under paragraph 6 be vacated or remanded in whole or part by a

United States court, any dismissal of the instant case shall not preclude Plaintiffs' right, which is

expressly reserved, to argue in a new lawsuit that a claim exists for EPA to perform the actions

sought by Counts 1 and 3 of Plaintiffs' Complaint herein, and that the court in which such a

lawsuit is filed has jurisdiction over such a claim, nor shall any provision of this Agreement

preclude EPA's right, which is expressly reserved, to raise in any such new lawsuit all defenses, jurisdictional and otherwise, that it may have.

11.    Nothing in this Settlement Agreement alters or affects the standards for judicial review of final EPA action.

DISPUTE RESOLUTION AND REMEDY FOR NON-COMPLIANCE

12.    In the event of a disagreement between the Parties concerning the interpretation or performance of any aspect of this Settlement Agreement, the disputing Party shall provide written notice to the other party with written notice of the dispute and a request for negotiations. The Parties shall meet and confer in order to attempt to resolve the dispute. If the Parties are unable to resolve the dispute, then either Party may move the Court to resolve the dispute. The disputing Party shall notify the other party no later than 10 days prior to filing seeking such relief.

13.    If EPA fails to timely fulfill any duty under this Agreement, Plaintiffs' sole judicial remedy shall be to ask the Court to lift the stay described in paragraph 3, and to set an expedited schedule for briefing and argument on the claim or claims. EPA shall not object (and hereby authorizes Plaintiffs to represent to the Court that EPA does not object) to any such motion filed by Plaintiffs. EPA does not waive or limit any defense relating to the claims.

14.    The parties agree that contempt of court is not an available remedy under this Settlement Agreement.

AGENCY DISCRETION

15.    Except as expressly provided herein, nothing in this Settlement Agreement shall be construed to limit or modify the discretion accorded to EPA by law. Nothing in this Settlement Agreement shall be construed to limit or modify EPA's discretion to alter, amend, or review from time to time any actions EPA may perform pursuant to this Settlement Agreement,

6

or to amend or promulgate regulations consistent with the Safe Drinking Water Act.

## COSTS

16.    The parties agree that Plaintiffs shall have 120 days after entry of the Consent

Decree by the Court in the case of *NRDC, et al. v. EPA*, to file a motion for costs of litigation

(including attorneys' fees) for activities performed with respect to Counts 1 and 3 of the case

*NRDC, et al. v. EPA*.   During this time the parties shall seek to resolve informally any claim for

costs of litigation (including attorneys' fees) for activities performed with respect to Counts 1

and 3 of that case, and if they cannot, will submit that issue to the Court for resolution.  The

parties further agree that the Court shall retain jurisdiction to resolve any request for costs of

litigation (including attorneys' fees), notwithstanding any dismissal pursuant to paragraph 6.

## NOTICE

17.    Any notice required or made with respect to this Settlement Agreement shall be in

writing and shall be effective upon receipt.  For any matter relating to this Settlement Agreement,

the contact persons are:

For the Plaintiffs

Jennifer C. Chavez
David S. Baron
Earthjustice
1625 Massachusetts Av., N.W., Suite 702
Washington, D.C.  20036
Phone: (202) 66704500
Fax: (202) 667-2356
jchavez@earthjustice.org

Erik D. Olson
Natural Resources Defense Council
1200 New York Avenue, NW, Suite 400
Washington, D.C.  20005
Phone: (202) 289-6868
eolson@nrdc.org

7

For the Defendants
Eric G. Hostetler
Environmental Defense Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 23986
Washington, D.C. 20026-3986

Carol Ann Siciliano
Water Law Office
Office of General Counsel
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Mail Code 2355A
Washington, DC 20004

Upon written notice to the other Party, any Party may designate a successor contact person for any matter relating to this Settlement Agreement.

## REPRESENTATIVE AUTHORITY

18.    Each undersigned representative of the parties to this Settlement Agreement certifies that he or she is fully authorized by the party to enter into and execute the terms and conditions of this Settlement Agreement. By signature below, all Parties consent to this Settlement Agreement.

## EFFECT OF SETTLEMENT AGREEMENT

19.    The Settlement Agreement shall not constitute an admission or evidence of any fact, wrongdoing, misconduct, or liability on the part of any party.

## COMPLIANCE WITH OTHER LAWS

20.    No provision of this Settlement Agreement shall be interpreted so as to constitute a commitment or requirement that EPA obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or take actions in contravention of the APA, 5 U.S.C. §§ 551-559, 701-706, the SDWA, or any other law or regulation, either substantive or procedural.

8

## MODIFICATION

21.    This Agreement may be modified or amended only by written agreement by

counsel for the Parties.

FOR THE DEFENDANTS

Kelly A. Johnson
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

Dated: *Nov. 16, 2005*                    By: *Eri Hostell*

Eric G. Hostetler
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 23986
Washington, DC 20026-3986

Of Counsel for the United States
Environmental Protection Agency:

Carol Ann Siciliano
Water Law Office
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Mail Code 2355A
Washington, DC 20460

FOR THE PLAINTIFFS

Dated: *Nov. 17, 2005*                    By:

David S. Baron
Jennifer C. Chavez
Earthjustice
1625 Massachusetts Av. NW, Suite 702
Washington, D.C. 20036
(202) 667-4500
Fax: (202) 667-2356
jchavez@earthjustice.org
dbaron@earthjustice.org

9