# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF C0LUMBIA

| | |
|---|---|
| **NATURAL RESOURCES DEFENSE COUNCIL and BAY AREA PHYSICIANS FOR SOCIAL RESPONSIBILITY,**<br><br>**Plaintiffs**<br><br>**v.**<br><br>**STEPHEN L. JOHNSON, Administrator of the United States Environmental Protection Agency, and THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,**<br><br>**Defendants.** | **Case No. _____** |

## CONSENT DECREE

WHEREAS the Natural Resources Defense Council, and the Bay Area Physicians for Social Responsibility ("Plaintiffs"), filed the above-captioned complaint against Stephen L. Johnson in his official capacity as Administrator of the United States Environmental Protection Agency, and United States Environmental Protection Agency (collectively "EPA" or "Defendants");

WHEREAS, Count 2 of this complaint alleges that EPA's failure to promulgate a Stage II Disinfectants and Disinfection Byproducts Rule constitutes a failure to perform a non-discretionary duty under 42 U.S.C. 300g-1(b)(2)(C) of the Safe Drinking Water Act;

WHEREAS, by entering into this Consent Decree, the Parties do not waive or limit any claim or defense, on any ground, related to any final agency action taken pursuant to this Consent Decree;

WHEREAS, it is in the interest of the public, the parties and judicial economy to resolve the issues in this action without protracted litigation;

WHEREAS, by entering into this Consent Decree the Plaintiffs do not waive any claims and EPA does not waive any defenses, on any grounds, related to any claims that are not resolved by this Decree;

WHEREAS, the Court finds and determines that it has jurisdiction to enter this Decree; and

WHEREAS, the Court finds and determines that this Consent Decree represents a just, fair, adequate and equitable resolution of the claims raised in this action.

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

## I. GENERAL TERMS

1.    The Parties to this Consent Decree are Plaintiffs and Defendants.  The Parties understand that (a) Stephen L. Johnson was sued in his official capacity as Administrator of the United States Environmental Protection Agency; and (b) the obligations arising under the Consent Decree are to be performed by EPA and not by Stephen L. Johnson in his individual capacity.

2.    This Consent Decree applies to, is binding upon, and inures to the benefit of Plaintiffs and Defendants and their respective successors, assigns, and designees.

## II. DEFINITIONS

3.    The following definitions shall apply to the terms referred to in this Consent Decree;

      a.    "Consent Decree" shall mean this document;

b.    "EPA" shall mean Stephen L. Johnson, the Administrator of the EPA and the United States Environmental Protection Agency

c.    "Plaintiffs" shall mean the Natural Resources Defense Council and the Bay Area Physicians for Social Responsibility;

d.    "Plaintiff's Complaint" shall mean the Complaint filed by Plaintiffs in the above-captioned case.

e.    "Stage 2 Rule" shall mean the Stage II Disinfectants and Disinfection Byproducts Rule cited at 42 U.S.C. 300g-1(b)(2)(C) and the Stage 2 D/DBP rule cited in volume 59 of the Federal Register, page 6361, Table III.13 (February 10, 1994).

III.  <u>TERMS OF THE CONSENT DECREE</u>

4.    The EPA Administrator shall, by December 15, 2005, sign for publication in the Federal Register a notice of final rulemaking promulgating the Stage 2 Rule.  No later than ten business days following signature of such notice, EPA shall deliver the notice to the Office of Federal Register for prompt publication.  Following such delivery to the Office of the Federal Register, EPA shall not take any step (other than necessary to correct any typographical or other errors in form) to delay or otherwise interfere with publication of such notice in the Federal Register.  EPA shall make available to Plaintiffs, within ten business days following signature by the Administrator, a copy of the notice of final rulemaking required by this paragraph.

IV.  <u>EFFECTIVE DATE</u>

5.    This Consent Decree shall become effective upon the date of its entry by the Court.  If for any reason the Court does not enter this Consent Decree, this Consent Decree shall not impose any obligations upon the Parties.

V.  <u>REMEDY, SCOPE OF JUDICIAL REVIEW AND CONTINUING JURISDICTION</u>

6.    The Court shall retain jurisdiction to effectuate compliance with this Consent

Decree and to consider any requests for costs of litigation, including attorney's fees, pursuant to Section XII of this Consent Decree.

7.      Nothing in the terms of this Consent Decree shall be construed either (a) to confer upon this Court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Court of Appeals under section 1448(a) of the Safe Drinking Water Act, 42 U.S.C. § 300j-7(a), or (b) to waive any remedies plaintiffs may have under section 1448(a), 42 U.S.C. § 300j-7(a).  Nothing in this Consent Decree shall be construed to confer upon this Court jurisdiction to review any decision, either procedural or substantive, to be made by EPA pursuant to this Consent Decree, except for the purpose of determining EPA's compliance with the terms of this Consent Decree.

8.      Nothing in this Consent Decree alters or affects the standards for judicial review of final EPA action.

VI.  RELEASE BY PLAINTIFFS AND RESERVATION OF RIGHTS

9.      Upon approval and entry of this Consent Decree by the Court, this Decree shall constitute a final resolution between Plaintiffs and EPA of Count 2.

VII.  TERMINATION OF CONSENT DECREE AND DISMISSAL OF CLAIMS

10.     This Consent Decree shall terminate after fulfillment of all of the obligations of EPA under Paragraph 4 of this Consent Decree and publication in the Federal Register of the notice of final rulemaking referenced in Paragraph 4.  Upon termination of the Consent Decree, Count 2 of the complaint in this action shall be dismissed with prejudice.  EPA shall file an appropriate notice with the Court after EPA has fulfilled its obligations under Paragraph 4.

11.    Notwithstanding such dismissal, if (1) Plaintiffs seek judicial review in the court of appeals of any action taken by EPA pursuant to this Consent Decree, and (2) the court of appeals rules that such challenge is not within the jurisdiction of the court of appeals, any dismissal of the instant action shall not preclude Plaintiffs from bringing a district court action challenging any such action taken by EPA pursuant to this Consent decree.  Should any final action taken by EPA under paragraph 4 be vacated or remanded in whole or part by a United States court, any dismissal of the instant case shall not preclude Plaintiffs' right, which is expressly reserved, to argue in a new lawsuit that a claim exists for EPA to perform the actions sought by Count 2 of Plaintiffs' Complaint herein, and that the court in which such a lawsuit is filed has jurisdiction over such a claim.  Nor shall any provision of this Decree preclude EPA's right, which is expressly reserved, to raise in any such new lawsuit all defenses, jurisdictional and otherwise, that it may have.

## VIII.  SAVINGS PROVISIONS

12.    The obligations imposed on EPA under Paragraph 4 of this Consent Decree can only be undertaken using appropriated funds.  No provision of this Decree shall be interpreted as or constitute a commitment or requirement that EPA obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable federal statute.

13.    Nothing in the terms of this Consent Decree shall be construed as an admission of fact or of law.

## IX. DISPUTE RESOLUTION

14.    In the event of a disagreement between the Parties concerning the interpretation or performance of any aspect of the Consent Decree, the disputing party shall provide the other Party with written notice of the dispute and a request for negotiations.  The Parties shall meet

and confer in order to attempt to resolve the dispute.  If the Parties are unable to resolve the dispute within fourteen (14) days of such notice, or such time thereafter as is mutually agreed, then either Party may petition the Court to resolve the dispute.

## X.  MODIFICATIONS AND EXTENSIONS

15.    The Parties may extend the deadlines established in Paragraph 4 by written stipulation executed by counsel for the Parties and filed with the Court.

16.    In addition, any provision of this Consent Decree may be modified by the Court upon motion by any Party to this Consent Decree demonstrating that such modification is consistent with law and in the public interest, after consideration of any response by the non-moving party.

a.    If a Party files a motion requesting modification of a date or dates established by this Consent Decree and provides notice to the other party at least thirty (30) days prior to filing such motion, and files the motion at least sixty (60) days prior to the date for which modification is sought, then the filing of such motion shall, upon request, automatically extend the date for which modification is sought, provided that only one such extension may be obtained under this subsection.  Such extension shall remain in effect until the earlier to occur of (i) a dispositive ruling by the Court on such motion, (ii) the date sought in the modification, or (iii) sixty (60) days after the original date for which modification is sought.  The Party may move the Court for a longer extension.

b.    If a Party files a motion requesting modification of a date or dates established by this Consent Decree totaling thirty (30) days or less, provides notice to the other Party at least thirty (30) days prior to the filing of such motion, and files the motion at least seven (7) days prior to the date for which modification is sought, then the filing of such motion

shall, upon request, stay the date for which modification is sought, provided that only one such extension may be obtained under this subsection. Such stay shall remain in effect until the earlier to occur of (i) a dispositive ruling by this Court on such motion, or (ii) the date sought in the modification.

       c.  If a Party seeking modification does not provide notice pursuant to subparagraph 16.a or 16.b above, that Party may move the Court for a stay of the date for which modification is sought. The Party seeking modification under this subparagraph 16.c shall give notice to the other Party as soon as possible of its intent to seek a modification and/or stay of the date sought to be modified. The notice provided under this subparagraph 16.c. and any motion for stay shall demonstrate why the Party could not have utilized the notification procedures set forth in subparagraphs 16.a and 16.b immediately above.

       d.  Any motion to modify the schedule established in this Consent Decree shall be accompanied by a motion for expedited consideration.

## XI.  AGENCY DISCRETION

17.    Except as expressly provided herein, nothing in this Consent Decree shall be construed to limit or modify the discretion accorded the EPA by the Safe Drinking Water Act, or by general principles of administrative law.

18.    Nothing in this Consent Decree shall be construed to limit or modify EPA's discretion after the EPA performs any action pursuant to this Consent Decree to alter, amend, or revise from time to time any such action, or to promulgate superseding regulations. Nothing in this Consent Decree relieves EPA of the obligation to act in a manner consistent with the SDWA and other applicable law.

## XII.  COSTS

19.     The deadline for filing a motion for costs of litigation (including attorney's fees)
for activities performed with respect to Count 2 claims is hereby extended until 120 days after
entry of this Consent Decree by the Court.  During this time the parties shall seek to resolve
informally any claim for costs of litigation (including attorney's fees) with respect to Count 2
claims, and if they cannot, will submit that issue to the Court for resolution.  The Court shall
retain jurisdiction to resolve any request for costs of litigation (including attorney's fees),
notwithstanding any dismissal pursuant to paragraph 10 above.

## XIII.  NOTICE AND CORRESPONDENCE

20.     Any notice, including correspondence, required or made with respect to this
Consent Decree, shall be in writing and shall be effective upon receipt.  For any matter relating
to this Consent Decree, the contact persons are:

For the Plaintiffs

Jennifer C. Chavez
David S. Baron
Earthjustice
1625 Massachusetts Av., NW, Suite 702
Washington, DC  20036
Phone: (202) 667-4500
Fax: (202) 667-2356
jchavez@earthjustice.org
dbaron@earthjustice.org

Erik D. Olson
Natural Resources Defense Council
1200 New York Avenue, NW, Suite 400
Washington, DC  20005
Phone: (202) 289-6868
eolson@nrdc.org


For the Defendants
Eric G. Hostetler
Environmental Defense Section
Environment & Natural Resources Division
United States Department of Justice
P. O. Box 23986
Washington, DC  20026-3986

Carol Ann Siciliano
Water Law Office
Office of General Counsel
U. S. Environmental Protection Agency
Mail Code 2355A
1200 Pennsylvania Avenue, N.W.
Washington, DC  20004

Upon written notice to the other Parties, any Party may designate a successor contact person for

any matter relating to this Consent Decree.

## XIV.  REPRESENTATIVE AUTHORITY

21.    Each undersigned representative of the Parties to this Consent Decree certifies

that he or she is fully authorized by such Party to enter into and execute the terms and conditions

of this Consent Decree, and to legally bind such Party to this Consent Decree.  By signature

below, the Parties consent to entry of this Consent Decree.

## XV.  USE OF CONSENT DECREE

22.     This Consent Decree shall not constitute an admission or evidence of any fact, wrongdoing, misconduct, or liability on the part of the United States, its officers, or any person affiliated with it.

## XVI.  COMPLIANCE WITH OTHER LAWS

23.     No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that the EPA obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or take actions in contravention of the Safe Drinking Water Act or any other law or regulation, either substantive or procedural.

FOR THE DEFENDANTS:            Kelly A. Johnson
                               Acting Assistant Attorney General


Dated: _____       By: _____

                               Eric G. Hostetler
                               Environmental Defense Section
                               Environment and Natural Resources Division
                               U. S. Department of Justice
                               P. O. Box 23986
                               Washington, DC  20026-3986

Of Counsel for the United States
Environmental Protection Agency:

Carol Ann Siciliano
Water Law Office
Office of General Counsel
U. S. Environmental Protection Agency
Mail Code 2355A
1200 Pennsylvania Avenue, N.W.
Washington, DC  20460


FOR THE PLAINTIFFS:

Dated: _____          By: _____

Jennifer C. Chavez
David S. Baron
Earthjustice
1625 Massachusetts Av. NW, Suite 702
Washington, DC 20036
Phone: (202) 667-4500
Fax: (202) 667-2356
jchavez@earthjustice.org